EBENEZER KELLUM, as Supervisor, etc., Respondent, v. JOSEPH W. CLARK et al., Appellants.

In an action upon the bond of an overseer of the poor it is essential to show as against the sureties, not merely that their principal was indebted to the town, but that such indebtedness arose by reason of not accounting for money actually received by him during the term for which the sureties stood bound.

In such an action it appeared that C., the overseer, held the office the term preceding that for which the bond was given. Plaintiff gave in evidence a certificate of the board of town audit, which, after stating that they had examined C.'s accounts, and after stating the receipts and disbursements, added that it left " a balance in his hands amounting to $600.97." This result was reached by charging an item stated in the account as " balance from last year, $831.92." C., as a witness for plaintiff, testified that this item was received by him during his first term, and was then spent for his own use, so that none of it was in his possession after commencement of or during the term for which the bond was given. Plaintiff also gave in evidence a copy of C.'s account for the year, verified by him, which showed a balance due the town as stated in the certificate. In the verification the balance was stated to be $521.30, and to be in C.'s hands. *Held*, that the evidence was insufficient to sustain a recovery against the sureties.

Defendants offered to show on trial that the members of the board of town audit knew, when they made the certificate, that the balance stated as in C.'s hands was not in fact in his possession, but had been expended for his own purposes ; this offer was rejected. *Held* error ; that if the certificate was competent as evidence, as to which *quære*, the testimony offered was proper to impeach it.

.(Argued October 24, 1884 ; decided November 25, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 14, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought by plaintiff as supervisor of the town of Hempstead, Queens county, upon an official bond given by defendant Clark as overseer of the poor in said town. The sureties on the bond alone appeared and answered. The material facts are stated in the opinion.

*Samuel Hand* for appellants. The sureties upon the bonds of a public officer are liable only for defaults committed by him after the commencement of the term of office for which they became his sureties. (*Bissell* v. *Saxton*, 66 N. Y. 55; *U. S.* v. *Boyd*, 15 Peters, 187; *Vivian* v. *Otis*, 24 Wis. 518; *Thomson* v. *McGregor*, 81 N. Y. 592.) The account of the overseer was improperly admitted. It was not evidence against the defendant. It was an admission after the event made after the year had expired, *a fortiori* the auditor's certificate was improper. (*Hatch* v. *Elkins*, 63 N. Y. 489; *Hon* v. *Perry*, 14 Hun, 409.) The condition of the bond "that said clerk should 'pay and account according to the law all moneys which shall come into his hands as such overseer of the poor,'" referred to the year 1876, and cannot, by implication or otherwise, be made to refer to any previous year. (*Getty* v. *Binsse*, 49 N. Y. 385; *Walsh* v. *Budlin*, 10 Johns. 180; *Penoyer* v. *Watson*, 16 id. 100; *Bissell* v. *Saxton*, 66 N. Y. 55.)

*Jno. J. Armstrong* for respondent. The presumption both of fact and law is that the overseer retained in his own hands the balance unaccounted for. (*Fahe* v. *Whipple*, 39 N. Y. 394.) His account and the audit by the town board shows that he had the money. (*Morley* v. *Board of Metamora*, 78 Ill. 294; 20 Am. Rep. 266; *Baker* v. *Preston*, 1 Gill. 235; *State* v. *Grammar*, 29 Ind. 530; *Boone Co.* v. *Jones*, 54 Iowa, 699; *U. S.* v. *Boyd*, 5 How. 50; *Bissell* v. *Saxton*, 66 N. Y. 55;

*Sub* v. *Bristol*, 15 Hun, 161 ; *Sub* v. *Clarke*, 25 id. 282.)  If the money was held by Clarke at the time of giving the bond in suit, his failure to pay and account for the money so secured was a breach of the condition, and the sureties are liable. (*Board of Education* v. *Fonda*, 77 N. Y. 350.)

DANFORTH, J.  This is an action against Clark, overseer of the poor of the town of Hempstead, and sureties on his official bond for the years 1876-1877, for not paying over to his successor $600.97, which it is alleged he received during that year. The plaintiff had judgment, and from it the sureties appealed.

Two questions are presented : *First*, whether evidence offered by them was improperly rejected.  *Second.* Whether there is evidence which in any aspect sustains the recovery.  It appeared that Clark held the same office during the year 1875–'76, and became his own successor.  (1) The plaintiff put in evidence a certificate, dated April 28, 1877, signed by the persons described as composing the board of town audit, to the effect that on that day they examined the accounts of Clark and found that he had received from all sources $2,358.92, and paid out $1,757.95, "leaving a balance in his hands amounting to $600.97."  This result was reached by charging him with an item stated in his account in these words :  "1876, March 31 ; Balance from last year, $831.92."  Clark was a witness for the plaintiff, and had already testified that this item was received during his first official term, and was then spent in his own purposes, so that it was not in his possession during the year for which appellants were sureties, and the defendants in the course of the same examination offered to show by him, in substance, that when the audit and certificate were made, the board and other town officers constituting the board of audit knew that fact, and that the money called for by this item was not, at the time stated, in his hands.  It seems to be assumed by the appellants that the certificate was admissible in evidence, and, therefore, we do not consider that question, but, if it were, we think the testimony offered to impeach it should have been admitted.  It would have shown not merely an irregularity,

but that the proceedings for audit were collusive and fraudulent. In that case whether they are regarded as judicial or otherwise, they were vitiated and could avail nothing for or against the parties affected by them.

(2.) As to the evidence against the sureties : It was essential to show not merely that Clark was in fact indebted to the town, but that such indebtedness arose by reason of not accounting for money actually received during the term for which they stood bound. (*Bissell* v. *Saxton*, 66 N. Y. 60.) The first item of evidence produced by the plaintiff was Clark's account for 1876, showing a balance due the town of $600.97, but the verification of the account stated the balance to be $521.30. Then came the certificate of the town auditors already referred to, stating the balance at the first-named sum. After that Clark was called as a witness by the plaintiff, and being shown a book of account, identified it as referring to his accounts as overseer of the poor, and asked by plaintiff's counsel, this book " shows the amount of receipts and disbursements, does it not ? " said " it does." The first item with which he stands charged is the one of $831.92 above quoted, and his attention being called to it on cross-examination, he said he spent it for his private use in 1875, and that none of it was in fact on hand at the commencement of the year 1876 ; that all other moneys in the account had been expended as shown by the book, and accounted for.

The trial court found in substance that this sum was received by Clark during his second term, and it is objected by the defendants that there is no evidence to sustain this conclusion. Clark's testimony is, as we have seen, against it, and he was the only witness in the case. The paper marked " Statement of Clark, overseer of the poor of the town of Hempstead," appears to have been a copy of his book laid before the board of town auditors in pursuance of section 52, title 1, part 1, chapter 20, 1 Revised Statutes. It was verified on the 23d of April, 1877, and is of course evidence against Clark as to the amount due from him. As to the item in question, however, it is of no force against his sureties. It is a declaration merely of a past transaction, and not

*res gestæ.* (*Hatch* v. *Elkins,* 65 N. Y. 489 ; 1 Greenl. Ev., § 187.) Nor is the transaction which it narrates " the receipt" or holding of money. The words " balance from last year," standing alone, are referable to the state of account, and rather show the amount necessary to make that account even, than the actual possession or receipt at that time of the sum named. They show an indebtedness of $831.92, but nothing more, and so construed are consistent with Clark's testimony that the item arose from the transaction of the year previous. The statement at the end of the account of the balance due the town is a deduction from its debit and credit sides, not called for by statute, and adds no force to the entry of the item. So with the verification. The declaration of the balance due, and that it is " in my hands," is the admission of the overseer alone and can affect no one else. The entry in the book of account was the admission of Clark, and if evidence against the sureties at all, was so because made in the course of official duty. But it was open to explanation and when received in evidence, the plaintiff's own witness, Clark, who made the entry, had so explained it as to show it did not represent money actually received by him or in his hands at that time. The book, therefore, must be accepted with the explanation, and so taken, its entry is of no force against the sureties. Every other piece of testimony turns on this. The statement was a copy of the book account; the affidavit and the certificate have no other foundation. The item in the account is really the only testimony which in any degree tends to support the cause of action, and that, when explained, is taken away.

The case, therefore, is not one of contradictory evidence to be weighed by the trial court, but of no evidence on one side of the proposition and some against it. Without this item it is conceded that the moneys which came to the hands of the overseer of the poor during his second term were fully accounted for as having been paid out according to law, and as the appellants were sureties for that term only, they cannot be held liable for defaults committed by him before its commencement (*Bissell* v. *Saxton, supra.*)

We think both questions should be answered in favor of the appellants. The learned counsel for the respondent, however, now argues that even if Clark spent "the money in 1875," his sureties for the year 1876 may still be holden, because he did not render a "just and true account," and, therefore, failed to discharge the duties of his office. This is not the cause of action stated in the complaint, nor was it before the trial court on that theory. It cannot be considered here.

Judgment of General and Special Terms reversed and new trial granted, costs to abide the event.

All concur.

Judgments reversed.