### METROPOLITAN LIFE INS. CO. *v.* CALLEN.

(*Common Pleas of New York City and County, General Term.* January 7, 1889.)

BONDS—ACTIONS—EVIDENCE—INSURANCE AGENTS.

In a bond given for the faithful performance of his duty by the agent of an insurance company, it was stipulated that certain books should be conclusive as to his receipt of premiums from policy-holders. *Held,* that an action against the surety was properly dismissed where such books were not introduced in evidence, and the only other evidence as to the default of the agent were his accounts, and certain receipts given and statements made by him; the agent testifying that he had paid over every cent collected.

Appeal from Ninth district court.

Action by the Metropolitan Life Insurance Company against Edward Callen. There was a judgment for defendant, and plaintiff appeals.

Argued before VAN HOESEN and BOOKSTAVER, JJ.

*G. E. Howard,* for appellant. *Early Martin, Jr.,* for respondent.

PER CURIAM. This action is brought by the plaintiff against the defendant as surety on a bond given the company for the faithful performance of his duty by one John Lane, an agent of the company. The plaintiff claims that Lane, while acting as its agent, collected a certain amount of money which he failed to pay over to it. One of the provisions of the bond executed by the defendant was that the total amount of the weekly premiums in the life-policy register, after deducting the total weekly premiums in the lapsed policy register, were to be debited to Lane's account on Monday of each week, and that the balance should be considered as having been absolutely received by him for the company, and that the latter should not be bound to prove he had received the premiums from each policy-holder. These books would, we think, under this provision, have been equally conclusive on the surety, who by the terms of his suretyship had made it so, had they been introduced in evidence; but they were not, as the justice held they had not been properly proven when offered, and the appellant does not here complain of their exclusion, but contends that certain calculations which were given in evidence based upon Lane's accounts, and certain receipts given by him, and statements made by him after his accounts had been rendered, were sufficient evidence upon which to base a judgment in its favor, and that the justice erred in dismissing the complaint. The company had it within its power, by properly proving the books mentioned in the provision of the bond before referred to, to have conclusively established Lane's default if he had made default; but, failing in this, the justice properly held it to strict proof of such default, and, although the evidence submitted would have been binding on Lane, yet, as against his surety, the contents of the accounts offered, the receipts, and Lane's admissions, were but the declarations of third persons, by which the surety could not be bound. *Bank* v. *Darragh,* 1 Hun, 111; *Horn* v. *Perry,* 14 Hun, 411; *Hatch* v. *Elkins,* 65 N. Y. 496; *Kellum* v. *Clark,* 97 N. Y. 393. This, taken in connection with Lane's testimony that he had paid over every cent collected by him, we think fully justified the justice in reaching the conclusion he did. The judgment must therefore be affirmed, with costs.